UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHELLE CHINNICK, <br><br> Plaintiff, <br><br> v. <br><br> NATIONAL CREDIT SYSTEMS INC, <br><br> Defendant. | CASE NO. C15-1675 BJR <br><br> ORDER GRANTING SUMMARY JUDGMENT |

## I. INTRODUCTION

This matter is before the Court on Defendant's motion for summary judgment. (Dkt. No. 25.) Plaintiff has filed suit alleging numerous violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and Defendant moves for dismissal of all claims. Plaintiff opposes the motion.

Upon review of all briefing, the applicable case law and relevant parts of the record, the Court GRANTS summary judgment to Defendant; Plaintiff's claims are ordered DISMISSED with prejudice in their entirety. The Court's reasoning follows:

## II. LEGAL STANDARD

Summary judgment is appropriate if the evidence, when viewed in the light most favorable to the non-moving party, demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Galen v. Cnty of L.A.*, 477 F.3d 652, 658 (9th Cir. 2007). The court is "required to view the facts and draw reasonable inferences in the light most favorable to the [non-moving] party." *Scott v. Harris*, 550 U.S. 372, 378 (2007).

The moving party bears the initial burden of showing there is no genuine issue of material fact and that he or she is entitled to prevail as a matter of law. *Celotex*, 477 U.S. at 323. If the moving party meets its burden, the burden shifts to the non-moving party to "make a showing sufficient to establish a genuine dispute of material fact regarding the existence of the essential elements of his case that he must prove at trial." *Galen*, 477 F.3d at 658.

## III. BACKGROUND

The parties do not dispute each other's allegations of these facts:

On February 14, 2011, an apartment complex called The Timbers at Kenmore referred to Defendant for collection a debt allegedly owed by Plaintiff. On October 13, 2015, Plaintiff contacted Defendant by telephone and indicated that she disputed the debt. Defendant noted the fact of the call and Plaintiff's allegation that the debt was invalid in its records; the same record also reflects that Plaintiff was advised to send Defendant all her information regarding the disputed debt. (Dkt. No. 30-1, Decl. of Trigsted, Ex. A.) Defendant represents that it received no information from Plaintiff establishing that the debt had been forgiven or dismissed.

On October 21, 2015, Plaintiff sued Defendant, alleging these violations of the FDCPA:

- Threatening "to take [an] action that cannot legally be taken or that is not intended to be taken" in violation of § 1692e(5). (Dkt. No. 15, Amended Complaint, ¶ 10.)

- Falsely representing the "character, amount or legal status of [a] debt" in violation of § 1692e(2)(A). (*Id.* at ¶ 11.)

- "Communicating… credit information which is known or should be known to be false, including failing to communicate that a disputed debt is disputed" in violation of § 1692e(8). (*Id.* at ¶ 12.)

## IV.  DISCUSSION

### A. Threatening to take legal action [§ 1692e(5)]

There are two possible ways to violate this portion of the FDCPA: by threatening to take an action (1) "that cannot legally be taken" or (2) "that is not intended to be taken."

Defendant attacks this claim on two grounds. The first is a denial that its representative ever made any threat of legal action during the October 2013 phone call (or at any time). This falls clearly into the area of a "genuine dispute of a material fact," and might preclude summary judgment but for the fact that (as discussed below) even had Defendant threatened legal action as Plaintiff alleges, her claim still fails as a matter of law.

Defendant's second defense to the § 1692e(5) claim is that it is time-barred, citing the FDCPA one-year statute of limitations. 15 U.S.C. § 1692k(d). Defendant's argument focuses on the "discovery rule," the legal principle holding that the statute of limitations "clock" begins ticking when a plaintiff "knows or has reason to know of the injury which is the basis for the action." *Lyons v. Michael & Assoc's*, 824 F.3d 1169, 1171 (9th Cir. 2016)(*quoting Mangan v. Action Collection Service, Inc.*, 575 F.3d 935, 940 (9th Cir. 2009)).

1       Defendant asserts that Plaintiff failed to exercise the "reasonable diligence" required by the discovery rule (*see Merck & Co., Inc. v. Reynolds*, 130 S.Ct. 1784, 1796 (2010)), that (at least as of the phone call in October 2013) she "was on inquiry notice of the pending lawsuit." Dkt. No. 31, Reply at 5. Plaintiff's response is that, given that Defendant only threatened to sue, "no reasonable inquiry would have revealed the falsity of Defendant's threat" before the statute of limitations[1] had run. (Response at 4.)

      The parties' framing of this issue is problematic (and ultimately unhelpful) because of two factors: (1) Plaintiff's filing of her complaint in 2015 (before the statute of limitations on the alleged debt had run); and (2) Defendant's argument that Plaintiff was somehow not diligent in ascertaining whether and when Defendant was in violation of the § 1692e(5) prohibition against threatening legal action which a party does not intend to undertake.

      Plaintiff is correct that, regarding a claim which penalizes a collection agency for threatening legal action it does not intend to take, a plaintiff cannot ascertain with finality whether the cause of action lies or not until the statute of limitations has expired and it can be said beyond any doubt that the collection action did not (and cannot) take the legal action which it threatened. Any suit based on this cause of action filed before the expiration of the limitations period (as, strangely, Plaintiff did by filing her complaint in 2015) would be premature; any argument that the plaintiff has not diligently investigated (and knew or should have known) whether the cause of action existed is equally premature. So the actions and arguments of both parties contribute to the futility of their analysis of this claim.

---

[1] Under RCW 4.16.040, the statute of limitations on a written contract (including a rental agreement) is six years from the date of the violation; accepting Plaintiff's allegation that "this debt arose in 2010" (Dkt. No. 28, Response at 3), the statute of limitations would have run sometime in 2016.

1  Both parties' arguments, in the Court's opinion, miss the point regarding why this cause of action cannot survive summary judgment. The § 1692e(5) claim is deficient for several reasons:

First, the claim was brought prematurely; i.e., prior to the expiration of the statute of limitations, the time period in which Defendant could have (theoretically) instituted some legal action against Plaintiff on the debt. This deficiency has been cured by the passage of time. Assuming that the possible cause of action arose in 2010, it expired some time during 2016 and Defendant cannot now pursue a lawsuit against Plaintiff for the debt absent some legally extenuating circumstances. Plaintiff could now maintain that Defendant never intended to follow through on its alleged threat to sue her.

But this portion of her claim (her argument that Defendant never intended to take the threatened legal action) remains fatally flawed. Plaintiff is required by the language of § 1692e(5) to present proof that Defendant never intended to pursue legal action against her. This is admittedly a difficult proposition to establish, but it is Plaintiff's burden and even the fact that Defendant ultimately did not take legal action against her is not proof it never intended to do so. Plaintiff has put forward no proof that Defendant did not intend to take legal action against her.

Finally, there is another portion of § 1692e(5) under which Plaintiff could pursue her claims; namely, threatening "to take [an] action that cannot legally be taken." Prevailing under this section of the statute requires proof, not that Defendant never intended to take the allegedly threatened action, but that it was *legally impossible* for it to do so; i.e., there was no valid cause of action against Plaintiff because the debt was not due and owing.

The parties expend a good deal of briefing arguing about whether Defendant knew or should have known that the debt was not valid. Defendant alleges, based on the business record of its interactions with Plaintiff, that its agent requested that Plaintiff provide Defendant with "all

info for her dispute" (including, presumably, any proof she had that the debt was not owed). (Decl. of Trigsted, Ex. A at 1.) Defendant further alleges, based on that same record, that it sent Plaintiff a letter indicating that its investigation had failed to establish that the debt was not valid and inviting Plaintiff to provide the agency with "all documentation supporting your position." (Dkt. No. 31-1, Ex. A.[2]) Plaintiff does not controvert Defendant's assertion that at no time did she provide them with any proof she did not owe the debt Defendant was attempting to collect.

More significantly, however, Plaintiff has provided this Court with no such evidence, either. Her briefing contains a lengthy narrative relating the circumstances under which she alleges the debt arose and the reasons for which she believes she does not owe the unpaid rent, but Plaintiff's counsel must surely realize this hearsay testimony is not competent evidence and fails completely as legal proof that Plaintiff does not owe the debt. Just as her disputation of the debt in a phone call to Defendant in 2013 did not prove the debt was invalid, neither does her hearsay declaration that the debt was never owed or was dismissed.

As the Court made clear in the "Legal Standard" section *supra*, once Defendant has presented its case that it is entitled to prevail as a matter of law, the burden shifts to Plaintiff to "make a showing sufficient to establish a genuine dispute of material fact regarding the existence of the essential elements of h[er] case that [s]he must prove at trial." *Galen*, 477 F.3d at 658. An essential element of Plaintiff's claim that Defendant threatened to take an action that could not legally be taken is that the debt was not valid. Her failure to do so means that (1) she has no proof that Defendant had reason to know that she did not owe the money and (2) Defendant is entitled as matter of law to summary judgment on this cause of action.

---

[2] To be sure, what Defendant has provided is a sample of a form letter which it claims (based on the business record that Plaintiff submitted as evidence) to have mailed to Plaintiff. Apparently it has no record of the actual letter that it alleges was mailed to her. This is not strong evidence of Defendant's claim, but it is some evidence.

**B. False representation of the character, amount or legal status of the debt**

[§ 1692e(2)(a)]

Plaintiff makes two arguments concerning the merits of this cause of action. First, she asserts that her claim is supported by case law enforcing "strict liability" on any debt collection agency which reports a debt as owing when there is no valid debt. The case law she cites in support of this position, *Wheeler v. Premiere Credit of N.Am., LLC*, 80 F.Supp.3d 1108 (S.D.CA 2015), says nothing about the principle of strict liability under the FDCPA.[3]

Her second argument anticipates a defense of *bona fide* error under the FDCPA. *See* 15 U.S.C. § 1692k(c). She asserts this defense is unavailable to Defendant because its reliance on the creditor's representation that a debt was owed was unreasonable. *See Clark v. Capital Credit & Collection*, 400 F.3d 1162, 1176-77 (9th Cir. 2006). Defendant had no right to rely on the creditor's allegation that the debt was owing, she argues, because she told them it was not owing. (Response at 5.) Plaintiff presents no authority that requires a debt collection agency to accept the representation of a debtor that the debt is invalid (or that such representation, absent any legal proof, is sufficient to put an agency on notice it cannot report the debt as outstanding). Nor does Plaintiff present any admissible evidence in response to this motion (nor in response to Defendant's request) that the debt was invalid.

If Plaintiff had such proof, this was her final chance to present it, along with proof that she had provided such evidence to Defendant. Lacking that proof, this Court is forced to find that Plaintiff has failed to make a showing "sufficient to establish a genuine dispute of material fact regarding the existence of the essential elements of h[er] case that [s]he must prove at trial;"

---

[3] Because the case actually turns on the question of whether one statutory scheme (the Higher Education Act) preempts another (the FDCPA), the opinion actually says at one point that "whether Plaintiff owes the loan at issue is immaterial for purposes of Defendant's summary judgment motion." 80 F.Supp.3d at 1115.

namely, that Defendant falsely represented the legal status of the alleged debt, or had reason to know that the debt was not valid. For that reason, Defendant is entitled to summary judgment on this cause of action.

### C. Communication of false credit information (or failure to communicate that a disputed debt is disputed) [§ 1692e(8)]

The Court will not repeat its analysis of Plaintiff's claim under § 1692e(2)(a) except to observe that for the same reason as cited above (Plaintiff's failure to provide either Defendant or this Court with admissible proof of the debt's invalidity) the portion of this claim alleging that Defendant communicated credit information which it knew or should have known to be false cannot survive summary judgment. On Defendant's motion, it will be dismissed with prejudice.

Plaintiff has some proof of the remaining portion of this claim; namely, that Defendant failed to communicate that a disputed debt is disputed. Defendant agrees with Plaintiff that it was notified, in October of 2013, that she disputed the debt which the agency was attempting to collect on behalf of Plaintiff's former apartment complex. (Dkt. No. 25-1, Decl. of Sapp, ¶ 8.)

Pressed for proof that Defendant failed to communicate the disputed nature of the debt, Plaintiff has produced a single piece of evidence: a copy of an email which she sent to her attorney, into which she cut and pasted a document labeled "National Credit Syst" which purports to contain Plaintiff's credit information from the three major credit reporting agencies (Equifax, TransUnion and Experian). (Dkt. No. 29-1, Decl. of Chinnick, Ex. A.)

There are a number of problems with this document, starting with its unverified nature. There is no declaration from Plaintiff or anyone else regarding who created this document, how it was obtained, or why "National Credit Syst" is a reliable source of information. The document contains none of the traditional explanation, verification or other indicia of reliability that

traditionally transforms an out-of-court statement into legally-admissible proof under the Federal Rules of Evidence.

While Defendant could have had the evidence stricken as hearsay, the fact is that (as Defendant points out) the document is actually supportive of Defendant's position that, once it was informed that the debt was disputed, it included that information in its periodic transmissions to credit reporting agencies. Of the three credit reports reflected in the email, one (Equifax) reports the status of the debt as "Closed;" one (TransUnion) shows the "Account Status" as "$0" and contains a "DISPUTED" notation; and only the third (Experian) shows a balance due, the account as "Open," and contains no notation that the debt is disputed. *Id.* Plaintiff's document constitutes some evidence that Defendant notified credit reporting agencies of the disputed nature of the debt; Defendant provides further evidence (in the form of a declaration from its Vice President of Operations) that its regular business practice was to report the same information to all credit reporting agencies. (Dkt. No. 31-2, Supplemental Decl. of Sapp, ¶¶ 8-9.)

Which brings the Court to the final, fatal problem with Plaintiff's evidence: it is not proof that Defendant did not report the disputed nature of the debt to the credit reporting agencies, it is only proof that not every credit reporting agency reported the disputed nature of the debt. Had Plaintiff produced a declaration from one or more credit agencies that the agency had never received information from Defendant that the debt was disputed, that evidence might constitute "a showing sufficient to establish a genuine dispute of material fact regarding the existence of the essential elements of h[er] case that [s]he must prove at trial." Similarly, had Plaintiff developed (via interrogatory, request for production, or deposition) that an agent of Defendant admitted that the agency had failed to communicate the disputed nature of the debt, that would allow her to

survive summary judgment. Absent any such proof, summary judgment of dismissal of this portion of Plaintiff's claims is warranted as requested by Defendant.

### V. CONCLUSION

In response to Defendant's motion, Plaintiff has failed to present evidence "sufficient to establish a genuine dispute of material fact regarding the existence of the essential elements of h[er] case that [s]he must prove at trial." In failing to provide admissible evidence that the debt is invalid or nonexistent, she has rendered herself incapable of proving that Defendant knew or should have known that the representations it received from The Timbers at Kenmore regarding the debt were false. In failing to present evidence of Defendant's intent, she has failed to adequately establish that Defendant never intended to take any such action against her. In failing to produce evidence that Defendant did not communicate the disputed nature of her alleged debt, she has failed to support the sufficiency of that portion of that cause of action as well.

Defendant is entitled to summary judgment of dismissal of all claims with prejudice and its motion will be GRANTED.

The clerk is ordered to provide copies of this order to all counsel.

Dated February 2, 2017.

Barbara Jacobs Rothstein
U.S. District Court Judge